IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Donald W. ZAUTCKE, Attorney at Law.

Supreme Court

*No. 92–1290–D. Filed December 6, 1993.*

(Also reported in 508 N.W.2d 387.)

PER CURIAM. *Attorney disciplinary proceeding; attorney publicly reprimanded.*

We review the recommendation of the referee that Attorney Donald W. Zautcke be publicly reprimanded for professional misconduct in pursuing a client's legal matter without proper preparation or competence to do so and without associating with a lawyer who was competent in the matter. We determine that the recommended public reprimand is the appropriate dis-

cipline to impose for Attorney Zautcke's professional misconduct.

Attorney Zautcke was licensed to practice law in Wisconsin in 1958, practices in Cedarburg and serves as family court commissioner for Ozaukee county. In 1988 the Board of Attorneys Professional Responsibility publicly reprimanded him for failing to conduct a substantive investigation to determine the merits of his client's products liability claim, including his failure to preserve the faulty ladder that allegedly caused the client injury, his failure to have the pleadings in the action served, with the result that the statute of limitations on the client's claim expired, his failure to notify the client of the dismissal of the action for approximately 18 months and for misrepresenting to his client that he was continuing to work on the case after the action had been dismissed.

Based on a stipulation of facts and following a disciplinary hearing, the referee, Attorney Charles Herro, made the following findings of fact. In October, 1985 a couple retained Attorney Zautcke to represent them in a dispute with the man's brother-in-law regarding the automobile repair business the two men owned in equal shares and served as president and vice-president/treasurer, respectively. The wife was secretary and bookkeeper for the business. On the day before the man was to undergo surgery for a work-related injury that kept him from working at the business, the brother-in-law notified him that he would not be receiving any further wages from the business. Two weeks later he fired his sister as an employee in the business and locked her out of the business premises, which were leased from their mother. Shortly after the firing, Attorney Zautcke wrote to the brother-in-law demanding $25,000 to settle the dispute and received

from his attorney a counter offer of $9,850, which the clients, on Attorney Zautcke's recommendation, rejected.

In December, 1985, Attorney Zautcke filed an action alleging only that the defendant had breached his fiduciary duty as officer and director of the corporation; he did not seek injunctive relief halting the takeover of the business. Attorney Zautcke had no experience in litigation involving a closely held corporation or shareholder disputes and he conducted no substantive legal research into any of the potential causes of action his clients had, including a shareholder derivative suit, breach of a real estate lease, breach of contract for wages, conversion of property, breach of fiduciary duty, trade libel or defamation, interference with contract or prospective business advantage and unemployment compensation. The referee also found that, in addition to a claim for money damages, the facts could have supported a motion for equitable relief, including an injunction, appointment of a receiver, replevin, an accounting and removal of the defendant as an officer of the corporation. Attorney Zautcke did not consult with any other attorney about the matter prior to filing the action. He conceded that he did not review the statute governing shareholder derivative suits before he filed that action and admitted that he failed to file a proper complaint in that he did not follow the requirement of that statute and did not join the corporation as a party.

The defendant filed a motion to dismiss for failing to state a claim upon which relief could be granted. When his research disclosed that the defendant's position was correct, Attorney Zautcke did not file any written opposition to the motion or attempt to voluntarily dismiss the complaint without prejudice, neither

did he amend the complaint in response to the motion to dismiss. At the hearing on the motion, Attorney Zautcke appeared and argued in opposition but did not seek leave to amend the complaint at or after the hearing. The judge granted the motion, holding that the complaint failed to name an indispensable party. That dismissal was on the merits and costs were assessed against Attorney Zautcke's clients. Attorney Zautcke did not appeal the decision.

Following the hearing, Attorney Zautcke told his clients of the dismissal but did not inform them that it had resulted from his error and did not advise them of their right to seek other counsel. When he later told his clients he thought they had a meritorious claim for $25,000 in compensatory damages and $75,000 in punitive damages, the clients directed him to proceed with further litigation. Although he knew that the holding of a corporate board meeting was a prerequisite to filing a shareholder derivative action, Attorney Zautcke did not call for such a meeting until seven months after agreeing to commence an action on his clients' behalf. When that meeting ended in a deadlock, Attorney Zautcke waited almost four more months before filing an action, which he did without consulting with an attorney experienced in shareholder disputes.

The complaint Attorney Zautcke filed in the second action was procedurally defective, as it failed to set forth allegations required under the applicable corporation statute. The court found that the action was no more than a repetition of the first and, was thus barred by *res judicata*. The motion was granted and costs were awarded against the clients. Attorney Zautcke did not seek leave to amend the complaint prior to entry of final judgment. Following that dismissal and while the

time for appeal continued, Attorney Zautcke terminated his representation of the clients.

Attorney Zautcke contended that he had written his clients in April, 1987 advising them of his withdrawal but the clients denied having received such a letter and testified that Attorney Zautcke did not tell them of his withdrawal until shortly before the appeal deadline in June, 1987. The referee found that Attorney Zautcke did not advise the clients of their legal rights prior to his withdrawal as their counsel, including their right to seek an amendment of their complaint in the second action and their right to appeal. He also did not refer them to other counsel or state that he would cooperate with successor counsel or produce his files. The clients obtained other counsel, who unsuccessfully appealed the dismissal. Attorney Zautcke used $187.45 of the client's $500 retainer toward payment of costs but did not refund the balance. He did not bill the clients for his representation in their matter because he was dissatisfied with its result.

On the basis of those facts, the referee concluded that Attorney Zautcke handled a legal matter which he knew or should have known he was not competent to handle and without associating with a lawyer competent to do so, in violation of former SCR 20.32(1), and violated former SCR 20.32(2)[1] by handling a legal matter without preparation adequate in the

---

[1] Former SCR 20.32 provided:

**Failing to act competently**

A lawyer may not:

(1) Handle a legal matter which the lawyer knows or should know that he or she is not competent to handle, without associating with a lawyer who is competent to handle it.

(2) Handle a legal matter without preparation adequate in the circumstances.

circumstances. As discipline for that misconduct, the referee recommended that the court publicly reprimand Attorney Zautcke; he also recommended that Attorney Zautcke be required to pay the costs of this proceeding.

We adopt the referee's findings of fact and conclusions of law and determine that the recommended public reprimand is the appropriate discipline to impose for Attorney Zautcke's professional misconduct in this matter. By taking on a legal matter in which he lacked sufficient experience and competence and failing to consult with or obtain the services of an attorney competent to handle it, Attorney Zautcke denied his clients precisely what they retained him for—the diligent and competent pursuit and protection of their legal interests.

IT IS ORDERED that Attorney Donald W. Zautcke is publicly reprimanded for professional misconduct.

IT IS FURTHER ORDERED that within 60 days of the date of this order Donald W. Zautcke pay to the Board of Attorneys Professional Responsibility the costs of this disciplinary proceeding, provided that if the costs are not paid within the time specified and absent a showing to this court of his inability to pay the costs within that time, the license of Donald W. Zautcke to practice law in Wisconsin shall be suspended until further order of the court.

The corresponding current rule is SCR 20:1.3.